UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WANIKA FISHER,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

Civil Action No. 24-3788-TDC

**MEMORANDUM OPINION**

Self-represented Plaintiff Wanika Fisher has filed this civil action against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), from which she obtained a homeowner's insurance policy, in which she alleges claims of bad faith, breach of contract, and unjust denial of her insurance claim. Liberty Mutual has filed a Partial Motion to Dismiss in which it seeks dismissal of Fisher's claims of bad faith and unjust denial. In addition to opposing that Motion, Fisher has filed a Motion to Stay this case pending the resolution of related proceedings arising from Fisher's separate filing of a claim with the Maryland Insurance Administration. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Liberty Mutual's Partial Motion to Dismiss will be GRANTED IN PART and DENIED IN PART, and the Motion to Stay will be GRANTED.

**BACKGROUND**

Fisher has a homeowner's insurance policy with Liberty Mutual that provides coverage for her home in Hyattsville, Maryland. Fisher has alleged that in August 2024, a water pipe at her home burst and caused $350,000 in damage. Although Fisher submitted an insurance claim,

Liberty Mutual denied the claim based on its conclusion, after a home inspection, that the water damage pre-existed the burst pipe. Fisher then filed a complaint with the Maryland Insurance Administration ("MIA"). On March 4, 2025, after review of the complaint and Liberty Mutual's response, the MIA concluded that Liberty Mutual had not violated Maryland insurance law in resolving Fisher's insurance claim. Fisher then requested an administrative hearing on that determination, which was scheduled to occur on October 24, 2025.

Meanwhile, on November 27, 2024, Fisher filed the present action against Liberty Mutual in the Circuit Court for Prince George's County, Maryland. Liberty Mutual then removed the case to this Court pursuant to diversity jurisdiction. In the Complaint, Fisher alleges the following claims against Liberty Mutual in the following numbered counts: (1) a claim for bad faith, based on the allegation that Liberty Mutual denied the claim after failing to conduct a thorough investigation; (2) a claim for breach of contract, based on Liberty Mutual's refusal to pay for the damage to Fisher's home, in violation of the terms of homeowner's insurance policy; and (3) a claim for an unjust denial of an insurance claim, which Liberty Mutual has construed as a statutory claim for lack of good faith in denying an insurance claim.

## DISCUSSION

### I. Partial Motion to Dismiss

In its Motion, Liberty Mutual seeks dismissal of Counts 1 and 3 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as

a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### A.   Count 1

As to Count 1, Liberty Mutual argues that Fisher's claim for bad faith must be dismissed because Maryland law does not recognize a cause of action for bad faith denial of a first-party insurance claim. In general, Maryland law does not recognize first-party tort claims against insurers arising out of insurance coverage disputes. *See Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119, 1121 (D. Md. 1993) ("In the context of a dispute between an insurance carrier and its insured, the relationship between the parties does not warrant the imposition of tort duties."). Instead, actions between insured individuals and their insurance companies are generally confined to the realm of contract law. *See Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1061 (Md. 1999); *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213 (Md. Ct. Spec. App. 1998); *Stephens*, 821 F. Supp. at 1122; *Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992). In particular, Maryland law does not "recognize as a tort action the bad faith failure of an insurer to pay a first party claim." *Johnson*, 536 A.2d at 1213; *Yuen*, 786 F. Supp. at 533 ("[I]t is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law."). Thus, the Court will grant the Motion as to Count 1, which will be dismissed.

3

**B.  Count 3**

As to the claim in Count 3 for unjust denial of an insurance claim, Liberty Mutual argues that it should be dismissed because it effectively constitutes a statutory claim of lack of good faith in denying an insurance claim that may not be pursued unless the plaintiff first exhausts administrative remedies before the MIA, and because any civil action filed after such exhaustion must be filed in a Maryland state court.

Fisher does not state whether she agrees that Count 3 is a claim for a lack of good faith. Where, as discussed above, tort claims based on the denial of an insurance claim are generally unavailable under Maryland law, *see supra* part I.A., Count 3 could be viable as a separate claim from the breach of contract claim in Count 2 only if it is construed as a statutory claim for failing to act in good faith in denying an insurance claim in violation of Section 3–1701 of the Courts and Judicial Proceedings Article of the Maryland Code.  *See* Md. Code Ann., Cts. & Jud. Proc. § 3–1701 (LexisNexis 2020) ("Section 3–1701"); Md. Code Ann., Ins. § 27–1001 (LexisNexis 2017); *Thompson v. State Fam Mut. Auto Ins. Co.*, 9 A.3d 112, 114 (Md. Ct. Spec. App. 2010).

To pursue such a claim, an insured party must first file an administrative complaint with the MIA and receive a final decision on that claim before filing a civil action in court.  Md. Code Ann., Ins. § 27–1001(c)(1); Md. Code Ann., Cts. & Jud. Proc. § 3–1701(c)(1).  A final decision can then occur in two ways.  First, the decision becomes final if the party that receives an adverse decision from the MIA does not request an administrative hearing within 30 days.  Md. Code Ann., Ins. § 27–1001(f)(1), (3); *Browne v. State Farm Mut. Auto Ins. Co.*, 298 A.3d 975, 983 (Md. Ct. Spec. App. 2023).  Second, if upon an adverse decision, the insured party requests an administrative hearing, which may occur before an administrative law judge ("ALJ"), the decision resulting from the hearing is the final decision.  Md. Code Ann., Ins. § 27–1001(f)(2); *Browne*, 298 A.3d at 983.

An insured party that receives an adverse final decision in the administrative process may appeal that decision by filing a petition for judicial review in a Maryland circuit court. Md. Code Ann., Ins. §§ 27–1001(g), 2–215(d).

Here, Fisher requested an administrative hearing, which was scheduled to occur on October 24, 2025 and has not yet resulted in a final decision. Because Fisher filed the Complaint in this case on November 27, 2024, long before any final decision, Count 3 is subject to dismissal based on the failure to comply with this exhaustion requirement. Md. Code Ann., Cts. & Jud. Proc. § 3–1701(c)(1). However, because a final decision is likely to be issued in the near future, such that any dismissed claim could then be reasserted, and because the highly related breach of contract claim in Count 2 is already before this Court, the appropriate course of action is to stay Count 3 pending such a decision rather than require the re-filing of Count 3 as a separate case, which would require the parties to litigate substantially similar issues in two separate cases. *See infra* part II.

Liberty Mutual further argues that Count 3 should be dismissed because where Fisher requested an administrative hearing on her MIA complaint, she is precluded from filing a civil action based on that claim in this Court even after a final decision is rendered. Liberty Mutual cites section 10–222(c) of the State Government Article of the Maryland Code ("Section 10–222(c)") which provides that upon a final administrative decision, "a petition for judicial review shall be filed with the circuit court for the county where any party resides or has a principal place of business." Md. Code Ann., State Gov't § 10–222(c) (LexisNexis 2021). Liberty Mutual therefore argues that any such action must be pursued in state court and may not be advanced in federal court.

This argument fails because Section 10–222(c) applies only to a petition for judicial review filed as part of an "appeal" from a final decision on the MIA complaint. Md. Code Ann., Ins. §

27–1001(g)(1) ("If a party receives an adverse decision, the party may appeal a final decision by the [MIA] or an [ALJ] under this section to a circuit court in accordance with § 2–215 of [the Insurance Article] and Title 10, Subtitle 2, of the State Government Article"). A civil action under Section 3–1701, however, is "an independent action from a petition for judicial review of the administrative decision." *Browne*, 298 A.3d at 990; *Thompson*, 9 A.3d at 119 n.16. Among other distinctions, a plaintiff who has filed a civil action under Section 3–1701 has a right to a jury trial not available on a petition for judicial review. *See Thompson*, 9 A.3d at 119. In *Browne*, the Maryland Appellate Court specifically rejected the argument that an insured party, upon requesting and receiving an administrative hearing following an initial MIA decision, is precluded from pursuing such an independent civil action. *Browne*, 298 A.3d at 991 ("The plain language of the statutes allows an insured to proceed with the civil action after a final decision without distinguishing between a final decision made initially by the MIA and one that results from an [ALJ] hearing."). In *Thompson*, where the court found that the insured party had filed such an independent civil action, it concluded that the venue provisions governing a petition for review, including Section 10–222(c), did not apply. *Thompson*, 9 A.3d at 119–21. Here, where Fisher may file such an independent civil action following a final administrative decision, and Section 10–222(c) does not apply to such an action, Liberty Mutual's argument for dismissal of Count 3 based on that provision necessarily fails.

Finally, the Court notes that a ruling in favor of Liberty Mutual on this issue would provide little or no benefit to Liberty Mutual, because it would likely result in the filing of a separate petition for judicial review of any forthcoming final administrative decision in the Circuit Court for Prince George's County, the same court in which Fisher filed the original Complaint in this case, and the court which Liberty Mutual chose to avoid by removing the present case to federal

court. The parties would therefore be litigating substantially similar issues in both state court and federal court simultaneously.

## II. Motion to Stay

In her Motion, Fisher requests a stay of this case pending the issuance of a final decision on her MIA complaint. "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). When considering a discretionary motion to stay, courts typically examine three non-exclusive factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 501–02 (D. Md. 2013).

Here, a stay pending the outcome of the final decision on Fisher's MIA complaint is warranted primarily because it would promote judicial economy, "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *Landis v. North American Co.*, 299 U.S. 248, 268 (1936)). Specifically, because Count 3 may not proceed until a final administrative decision is issued, a stay would promote judicial economy by allowing for all counts in the present case to be considered on the same timeline. Moreover, a final administrative decision in favor of Fisher could eliminate the need for further litigation in this case, and even a decision against Fisher has the potential to clarify the issues so as to advance the potential for settlement of the present

case or at least to streamline the present litigation. As for the remaining factors, while Liberty Mutual correctly notes that the difficulty of litigating two different proceedings at the same time is a problem of Fisher's own making, it has not claimed, and the Court finds no basis to conclude, that a stay will cause prejudice to Liberty Mutual. Thus, this Court will grant Fisher's Motion to Stay.

## CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion to Dismiss will be GRANTED IN PART and DENIED IN PART, and Fisher's Motion to Stay will be GRANTED. A separate Order shall issue.

Date:   October 31, 2025

THEODORE D. CHUANG
United States District Judge